KELLY, Judge.
Kaleshia C. Allen appeals from the order denying her motion for an award of attorney’s fees generated from her defense of a forfeiture action brought by the City of St. Petersburg. We reverse.
On March 16, 2003, a St. Petersburg police officer observed a 1997 Jeep Cherokee being driven with an improper tag. The officer performed a traffic stop for this violation and during his investigation learned that Allen, the driver, had a suspended license. The officer’s ' computer records indicated that Allen was twice convicted for driving while her license was suspended in 2002. Based on the information provided by the computer records, the officer determined that there was probable cause to arrest Allen for the felony offense of driving with a suspended license, which requires that a person have at least two prior misdemeanor driving with a suspended license convictions under section 322.34(2), Florida Statutes (2002). See § 322.34(2)(c).
The officer seized the jeep based on the vehicle’s use during the commission of this felony, as authorized by" section 932.701(2)(a)(5), Florida Statutes (2002), of the Florida Contraband Forfeiture Act (the Act), sections 932.701-932.707. The officer provided Allen with a notice of seizure which informed her of her right to an adversarial preliminary hearing. At the preliminary hearing, the trial court found that probable cause did exist for the continued possession of the vehicle by the St. Petersburg Police Department.
On May 8, 2003, the City filed a complaint for forfeiture which alleged that the 1997 Jeep Cherokee was “seized, as it was used as an instrumentality in the commission of, to aid or abet in the commission of, a felony, to wit: driving while license suspended, with two or more prior convictions for driving while license suspended or revoked.” Allen filed her answer to the forfeiture complaint, asserting, among other things, a claim for attorney’s fees pursuant to sections 57.105 and 932.704, Florida Statutes (2002).
On August 20, 2003, Allen filed a motion for summary judgment alleging that she had not been twice previously convicted of the misdemeanor criminal offense of driving with a suspended license under section 322.34(2) and, thus, the predicate necessary to charge her with a felony was not established. As such, her jeep should not have been seized under the Act. The motion was supported by certified documents relating to the driving with license suspended charges. Those records showed that Allen was convicted of the misdemeanor criminal offense of driving with a suspended license under section 322.34(2) only once and that the other driving with a suspended license violation was charged under section 322.34(1) as a moving violation, a civil infraction. Before the scheduled hearing on the summary judgment motion, the City dismissed its forfeiture complaint. The jeep was subsequently returned to Allen.
Allen filed a motion for determination of entitlement to attorney’s fees under sections 932.704 and 57.105. In its order *225 denying fees, the trial court stated that section 932.704(10) permits a court to award reasonable attorney’s fees and costs to the claimant if it finds that the seizing agency has not acted in good faith or that the seizing agency’s action was a gross abuse, of discretion. The court found that there was clearly no abuse of the agency’s discretion and, therefore, an award of attorney’s fees, if any, must be based on a finding of bad faith. The court determined that inadvertent oversight does not constitute bad faith. The trial court offered no explanation for denying Allen’s claim for fees under section 57.105.
Section 57.105(1) allows the court to award a reasonable attorney’s fee when the losing party knew or should have known that a claim was not supported by the material facts necessary to establish the claim. A showing of bad faith is not required for an award of attorney’s fees under that statute.
Here, the City failed to verify that the predicate misdemeanor convictions existed to support the felony offense. If the City had simply reviewed Pinellas County traffic records before filing its complaint, it would have known that its claim against Allen was unsupported by the material facts. Accordingly, because the City should have known that the material facts did not support its forfeiture action, we hold that Allen is entitled to an award of attorney’s fees under section 57.105(1).
Having determined that Allen is entitled to attorney’s fees under section 57.105, we decline to reach the issue as to whether she would also be entitled to fees under section 932.704(10).
Reversed.
WHATLEY and CANADY, JJ., Concur.